HARRIET EVANS, Plaintiff in Error, *vs.* THE CITY OF KAN-
KAKEE, Defendant in Error.

*Opinion filed December 17, 1907.*

1. MUNICIPAL CORPORATIONS—*city not liable for acts of officers
in enforcing police regulations.* Police regulations are not made by
a city in its private capacity but in the interests of the public, and
the city is not liable for the acts of its officers in enforcing such
regulations, which embrace all laws and ordinances appertaining to
the comfort, safety, health, convenience, good order and welfare of
the public; and all persons officially charged with enforcing such
regulations are, for such purposes, police officers.

2. SAME—*when a city is not liable to person contracting small-
pox.* The establishment and maintenance of a city calaboose is a
proper exercise by a city of its police power, and the city is not
liable in damages for the wrongful acts or neglect of its police of-
ficers or board of health in the management of the calaboose or the
detention of a person therein who was afflicted with small-pox,
whereby persons working or residing near the calaboose contracted
the disease.

WRIT OF ERROR to the Appellate Court for the Second
District;—heard in that court on writ of error to the Circuit
Court of Kankakee county; the Hon. FRANK L. HOOPER,
Judge presiding.

W. R. HUNTER, and B. L. COOPER, for plaintiff in error:

Municipal corporations are liable for torts in certain
classes of cases, including nuisance, in the same manner as
natural persons. Shearman & Redfield on Negligence, sec.
20; *Stein* v. *Burden,* 3 Barb. 254; 2 Addison on Torts,
1315; 2 Hilliard on Torts, (3d ed.) 404; *Pekin* v. *Mc-
Mahon,* 154 Ill. 141.

A city is liable for not taking care of its premises so as
to prevent the consequences of a public nuisance. It would
be responsible for the consequences of a public nuisance if
it failed to take such care of them as was necessary to pre-
vent them becoming dangerous to life or limb. *Chicago* v.
*O'Brennan,* 65 Ill. 160.

A city is liable where the wrong resulting in an injury to others consists in the mere neglect or omission to perform an absolute and perfect corporate duty owing by the corporation to the plaintiff or in the performance of which he is specially interested. 2 Dillon on Mun. Corp. (3d ed.) sec. 966.

By its neglect to perform such duty, a city is liable to the same extent as an individual would be. 2 Dillon on Mun. Corp. (3d ed.) sec. 980.

The duty of keeping its premises wholesome is imposed upon the defendant in error by the common law and by the statutes of this State, and it has further imposed this duty upon itself by ordinance. Such a duty is a corporate and not a public one.

A city is liable for the improper use of its property to the same extent as a private person, and unless acting under some special legislative authority it must, like individuals, use it so as not to injure others or unjustly invade private rights. 2 Dillon on Mun. Corp. (3d ed.) sec. 985.

A hospital for the treatment of contagious diseases in a public place is a public nuisance and indictable as such, and a pest house erected by municipal authority near the premises of another, injuring the health of his family, is a nuisance, for which an action' will lie. 1 Wood on Nuisances, (3d ed.) sec. 66; *Haag* v. *Vanderburg County,* 60 Ind. 511.

A city announcing by ordinance what shall constitute a nuisance is estopped thereby from questioning its duty in that regard. *Pekin* v. *McMahon,* 154 Ill. 141.

A municipal corporation has no more right to create or maintain a nuisance than a private individual. 5 Thompson on Negligence, sec. 5845.

The statutory right of a city to erect and maintain a hospital does not carry with it immunity from liability for the creation and maintenance of a nuisance. Nor does it carry with it immunity from liability for locating or keep-

ing a small-pox patient in the heart of a large public building, occupied by a large number of persons, situated in a thickly populated part of the city. 2 Wood on Nuisances, (3d ed.) sec. 753.

EBEN B. GOWER, for defendant in error:

A city can act only in its corporate capacity, exercising such powers as are conferred upon it by the act creating it. It acts by and through its council and agents, and then exercises only such powers as are conferred by statute or by necessary implication. *People* v. *Village of Crotty,* 93 Ill. 180; *Cook County* v. *McCrea,* 93 id. 236; *Champaign* v. *Harmon,* 98 id. 491.

The law grants to a city the power to provide for the suppression of disease, to establish hospitals and to regulate the same, but does not impose any duty to establish pest houses or to suppress contagious diseases. The power, if exercised, is one of its sovereign acts.

The suppression of disease is a governmental power, and a failure or mistake of the agents or officers of a city in the exercise of such power creates no legal liability against the city. *Odell* v. *Schroeder,* 58 Ill. 353; *Craig* v. *Charleston,* 180 id. 154.

In governmental affairs the doctrine of *respondeat superior* does not apply to municipalities except in their corporate affairs, and officers appointed or employed by the city under its police power are not the agents or servants of the city, so as to render the city responsible for their unlawful or negligent acts in the discharge of their duty or in executing or enforcing police ordinances and regulations. *Blake* v. *Pontiac,* 49 Ill. App. 543; *Odell* v. *Schroeder,* 58 Ill. 353; *Culver* v. *Streator,* 130 id. 238; Cooley on Torts, (3d ed.) 1014; *Kinnare* v. *Chicago,* 171 Ill. 332.

A municipal corporation is not liable for the negligent manner in which its officers may enforce an ordinance which

amounts to a public regulation. Dillon on Mun. Corp. (3d ed.) secs. 978, 979; *Ogg* v. *Lansing,* 35 Iowa, 495; *Wilcox* v. *Chicago,* 107 Ill. 334; *Culver* v. *Streator,* 130 id. 238.

A city is not liable for misconduct of its officers or agents in charge of a pest house established by a city or in charge of any person restrained and quarantined because of a contagious disease. 20 Am. Rep. 709; 14 id. 499; 120 Mass. 432; 140 id. 13; 62 N. Y. 160; 103 Ind. 262.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced in the circuit court of Kankakee county by Harriet Evans against the city of Kankakee. The declaration contained six counts, to which a general demurrer was sustained and the case was dismissed at the cost of the plaintiff, which judgment has been affirmed by the Appellate Court for the Second District, and the plaintiff has sued out a writ of error from this court to review the judgment of the Appellate Court.

The declaration charged, in substance, that the city of Kankakee, in the month of December, 1904, was in the use and control of the first floor of a three-story building situated upon one of the public streets of said city, except one room thereof, which was occupied as a hardware store; that the second floor of the building was occupied by a telephone exchange, where the plaintiff was employed as an operator, and that the third floor was occupied by fraternal societies; that the second and third stories of said building were reached from the street by inside stairways, and that the entire building was heated by a steam plant located in its basement, with steam pipes running from the boilers through the several floors of the building; that the first story was used by the city for city offices and a city calaboose, and that the city wrongfully and negligently

suffered and permitted a man afflicted with small-pox to remain in said city calaboose from the 11th day of December, 1904, to January 1, 1905, which city calaboose was located immediately below the room in which the plaintiff was employed, and that the city burned the clothing of said small-pox patient upon the premises, and that the air which passed through said calaboose and the smoke and fumes from the said burning clothing, laden with small-pox germs, penetrated the room where the plaintiff was employed, whereby the plaintiff became afflicted with small-pox, which necessitated her removal to a pest house, in consequence of which wrongful and negligent acts of the city the plaintiff suffered great damages, etc.

The law is well settled that the police regulations of a city are not made or enforced in the interests of the city in its private capacity but in the interests of the public, and that a city is not liable for the acts of its officers in attempting to enforce police regulations; (*Board of Trustees of Town of Odell* v. *Schroeder,* 58 Ill. 353; *Culver* v. *City of Streator,* 130 id. 238; *City of Chicago* v. *Williams,* 182 id. 135; *Craig* v. *City of Charleston,* 180 id. 154; *Frazer* v. *City of Chicago,* 186 id. 480; *Tollefson* v. *City of Ottawa,* 228 id. 134;) and police regulations, it has frequently been said, include the making and enforcement of all such laws, ordinances and regulations as pertain to the comfort, safety, health, convenience, good order and welfare of the public, and that all persons officially charged with the execution and enforcement of such police ordinances and regulations are, *quoad hoc,* police officers. (*Culver* v. *City of Streator, supra.*) We think it clear, therefore, that the establishment and maintenance of a city calaboose falls within the proper exercise of the police power of a city, and that a city is not liable in an action on the case for damages for the wrongful or negligent acts of its police officers or board of health in the management of a calaboose or the detention of persons

confined therein, even though such persons be afflicted with small-pox and persons who work or reside near the calaboose contract said disease. In *City of Chicago* v. *Williams, supra,* the court said (p. 138): "Where acts are done by the officers of towns and cities in their public capacity, in the discharge of duties imposed by the law for the public benefit and for the promotion and preservation of the public welfare, no private action lies unless the right to bring it is expressly conferred."

The case of *Haag* v. *Board of Commissioners,* 60 Ind. 511, and other kindred cases relied upon by appellant, are distinguishable from the case at bar in this: that those cases generally have relation to the corporate or private concern of cities, while here the city was engaged, through its officers, in the performance of a duty imposed by law upon it for the promotion and preservation of the public welfare, in which class of cases no private action lies unless the right to bring suit is expressly conferred.

We are of the opinion the demurrer to the declaration was properly sustained. The judgment of the Appellate Court will therefore be affirmed.          *Judgment affirmed.*