## Braunstein v. City of Louisville.

(Decided February 15, 1912.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

Cities—Maintaining a Workhouse—Liability to One Injured.—a city acts in its governmental capacity in maintaining a workhouse and is not liable to one who is injured in one of its streets by a fragment of rock thrown from the quarry at the workhouse by the negligence of those operating the quarry.

CAMDEN R. McATEE for appellant.

HUSTON QUINN and CLAYTON B. BLAKEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

On September 15, 1910, George Braunstein was at work on a sewer as a construction foreman on Spring street in the city of Louisville, about 200 yards from the quarries of the city workhouse. While he was so at work the servants of the city operating the rock quarries at the workhouse, without warning to him or other persons upon the street, negligently set off a number of blasts of dynamite and other explosives for the purpose of getting out rock in the quarries, and thereby negligently threw large fragments of rock into the air with such force that they were caused to fall around plaintiff where he was working in the street, one of the fragments striking him and inflicting serious injuries. The servants of the city who were operating the quarries knew or could have known by ordinary care of the danger to persons on the highway from the blasts which they set off; the charges used in setting off the blasts were excessive and the blasting as it was done created a nuisance dangerous to the lives of all persons in the

much frequented vicinity, rendering the street danger- ous and unsafe for public use. Braunstein filed a suit against the city to recover damages for his injuries in which he alleged the foregoing facts. The Circuit Court sustained a demurrer to his petition, and he failing to plead further, the action was dismissed.

The city workhouse was erected pursuant to the charter of the city. The quarries referred to are a part of the workhouse. In maintaining the workhouse in which persons convicted of offenses are confined, the city is discharging a governmental function, and while its officers and servants there are themselves responsible for any negligent acts by which they injure others, the city is not responsible for the acts of its agents em- ployed in its governmental functions. There is no doubt under the allegations of the petition that the persons who fired off the blasts were negligent and would be liable to the plaintiff for the damages he sustained by reason of their negligence. But the liability of the city for their wrongful acts is a different matter. In Jones v. Corbin, 97 S. W., 1002, Jones was locked up in the city station house and while there took a deep-seated cold because the city authorities failed to keep the prison comfortable. He sued the city for the injury to his health. It was held that he could not recover; that the maintenance of the prison was in pursuance of the city's governmental function, and in so doing it was but an arm of the State in upholding the public peace and safety. A number of previous cases are collected in that opinion. The same ruling was made in Morgan v. Shel- byville, 121 S. W., 617, and in Jackson v. Owingsville, 121 S. W., 672, where a prisoner received injuries while in prison at the hands of others by reason of the negli- gence of the keeper. In Bell v. Cincinnati, 80 Ohio St., 1, the same rule was applied where one of the servants of the city was injured in the quarries of the workhouse, by reason, as alleged, of the negligence of the other ser- vants there, the court laying down the rule that the maintenance of the workhouse was the exercise of a gov- ernmental function by the city, and that although the quarry was some distance from the workhouse, it was used for workhouse purposes, and the plaintiff's claim was not stronger than if he had been injured in the workhouse itself. In Board of Council of the City of Danville v. Fox, 142 Ky., 476, the plaintiff was injured

by reason of the negligence of the servants of the city in the operation of a steam roller in the repairing of its streets. It was held that the repairing of the street was a governmental function, and that the city was not answerable for the negligence of its servants in charge of its steam roller. In City of Bowling Green v. Rogers, 142 Ky., 558, it was held that the city was not liable to an adjoining proprietor for damages because the city prison was not properly kept, and the adjoining property was thereby made less valuable. A number of other cases are discussed in these opinions.

It is insisted, however, for appellant that this case is to be distinguished from those cited by reason of the fact that facts are alleged here showing that the blasting was a nuisance. But it must be remembered that the blasting was a nuisance because of the way in which it was done. The negligence of those in charge of the work in using two large charges of explosives, and in firing off the blasts without giving notice, was the cause of the trouble. The blasting if properly done was not a nuisance per se. While a city may not take or injure private property without compensation, as required by Section 242 of the Constitution, there is nothing in this constitutional provision to make the city liable for the torts of its officers inflicting personal injury on others where the officers are employed by the city in the discharge of its governmental function. Herr v. Cen. Ky. Asylum, 97 Ky., 459; City of Paducah v. Allen, 111 Ky., 361, and the other similar cases cited, were cases where property was injured or taken. But this principle has no application here. In Clayton v. City of Henderson, 103 Ky., 228, 22 R., 283, the city had violated a statute which gave a right of action to any person injured thereby.

It is also insisted that the plaintiff may recover because he was injured in a public street, and that it was the duty of the city to keep its streets reasonably safe. It is the duty of the city to keep its streets in reasonable repair for public travel, and to maintain it in a reasonably safe condition for this purpose. But the plaintiff was not injured by reason of any defect in the street. The street was in good condition; the trouble arose wholly from the casting of rocks into the streets. In Addington v. Town of Littleton, 115 Pac., 896, a suit was brought against the city to recover for an injury

to the plaintiff inflicted by a vicious dog running at large, and it was insisted that the city was liable because it suffered the dog to run at large and did not keep its streets in a reasonably safe condition. Rejecting this contention, the court said:

"The manner in which a street is used is a different thing from its condition as a street. The construction and maintenance of a street in a reasonably safe condition for travel is a corporate duty, and for a breach of such duty an action will lie; but making and enforcing ordinances regulating the use of streets brings into exercise governmental and not corporate powers, and for any act or omission of duty required to the enforcement of such ordinance there is no liability in the absence of a statute imposing one."

The city is no more liable to plaintiff when he was struck in the street than it would have been if ie had been struck in his own yard adjoining the street. If the city is not responsible for the negligence of the person who set the rock in motion, it is hard to understand how it can be responsible because the rock happened to fall in the street. Whether the city is responsible for an injury suffered by an object falling in the street must depend upon whether or not the city is liable for the object being in the air above the street. To illustrate, if the operator of an aeroplane should lose control of it, and it should fall in the street of a city and hurt some one, the city would be no more responsible for this than for an object falling into the street from any other cause over which it had no control; and the city not being responsible for the negligence of the persons who set the rocks in motion, can not be held liable simply because the rocks happened to fall in the street or hit a person in the street.

Judgment affirmed.