[Civ. No. 2637.  First Appellate District, Division One.—November 25, 1918.]

CHARLES·E. KIMBALL, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE CITY AND COUNTY OF SAN FRAN-CISCO, et al., Respondents.

MINES AND MINING—TRUSTS—GRUBSTAKE AGREEMENT.—Under sections 856 and 2243 of the Civil Code purchasers in good faith of a mining claim and for valuable consideration are not responsible to one who had rights under a grubstake agreement.

FOREIGN LAWS—PRESUMPTION.—In the absence of proof to the contrary it is presumed that the laws of Alaska are the same as in California.

CONTEMPT — WITNESSES — IMMATERIAL QUESTIONS — REFUSAL TO AN-SWER.—Under section 2065 and subdivisions 5 and 10 of section 1209 of the Code of Civil Procedure a witness cannot be adjudged guilty of contempt for refusing to answer questions not pertinent to any issue.

APPLICATION for Writ of Certiorari to review a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Clarence G. Atwood, for Petitioner.

Wilson T. Hume, for Respondents.

STURTEVANT, J., *pro tem.*—This is an application for a writ of review brought by the petitioner to have a judgment of contempt annulled.    The alleged contempt arose in certain proceedings had in the case of *Heim* v. *Wilson.*    In the amended

complaint, in that case, on which the parties went to trial, it was alleged that Wilson held title for the plaintiff, Heim, of and to certain properties acquired by the defendant Wilson, under and by virtue of a grubstake agreement theretofore entered into by and between the plaintiff, Heim, and the defendant, Wilson. In the said amended complaint, Charles E. Kimball, this petitioner, John S. Kimball, and the Wilson-Kimball Mining Company (a corporation) were not made parties or, if they were, judgment was entered in their favor. A part of the property involved was a mine in Alaska. The trial court found for the plaintiff as to the existence of the trust and entered an interlocutory decree, in which it ordered that an accounting be had. The findings are silent as to what is the law of Alaska on the subject of trusts or on any other subject. There is no finding as to the title, if any, of J. S. Kimball (deceased), of Charles E. Kimball (this petitioner), or of the Wilson-Kimball Mining Company (a corporation), or whether either "purchased it in good faith and for a valuable consideration." (Civ. Code, sec. 2243.)

In short, as the case was made in the trial court, it presented the simple issue as to what Wilson had obtained and acquired under the grubstake—nothing more. Wilson's vendees, who purchased in good faith and for a valuable consideration, are not responsible to the plaintiff, Heim. (Civ. Code, secs. 856, 2243; *Estate of Lyon,* 163 Cal. 803, 805, 806, [127 Pac. 75]; *Kowalsky* v. *Kimberlin,* 173 Cal. 506, [160 Pac. 673].) In the absence of proof to the contrary, it is presumed that the laws of Alaska are the same as in California. (*Navajo County Bank* v. *Dolson,* 163 Cal. 485, [41 L. R. A. (N. S.) 787, 126 Pac. 153]; *Hobbs* v. *Tom Reed Mining Co.,* 164 Cal. 497, [43 L. R. A. (N. S.) 1112, 129 Pac. 781]; *Fox* v. *Mick,* 20 Cal. App. 599, 602, [129 Pac. 972].) The witness was adjudged guilty of contempt for refusing to answer questions Nos. 1, 2, 3, 15, 18, 28, 32, 33, 34, and 35. All of those questions except number eighteen (18) related to the title of J. S. Kimball a subject that was not an issue in the case. Such questions were, therefore, immaterial, and the petitioner was not guilty of contempt when he refused to answer immaterial questions. (Code Civ. Proc., secs. 2065, 1209, subds. 5, 10; *Ex parte Zeehandelaar,* 71 Cal. 238, 240, [12 Pac. 259]; *Rogers* v. *Superior Court,* 145 Cal. 88, 91, [78 Pac. 344].) Question No. 18 was an inquiry as to how much

gold the witness had seen J. L. Wilson and his employees clean up. That question was directly pertinent to the issue on trial and should have been answered. For refusing to answer question No. 18 the judgment of contempt should be affirmed; but the judgment of contempt should be annulled as to all of the other questions. (*In re Rogers*, 129 Cal. 468, 470, [62 Pac. 47].) It is so ordered.

Lennon, P. J., and Beasly, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 23, 1918.