## Zachert v. City of Louisville.

(Decided April 23, 1926.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

Municipal Corporations—City Held Not Responsible for Negligence of Agents, Causing Injuries to Employee of Hospital Established for Charitable Purposes.—City of Louisville, being authorized by Constitution and its charter to maintain hospitals, etc., for preservation of public health, held not responsible to employee of hospital established for charitable purposes, injured by reason of misconduct or negligence of its agents and employees therein.

EUGENE HUBBARD and GEORGE A. HENDON, JR., for appellant.

WILLIAM T. BASKETT and GROVER G. SALES for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Elsie Zachert, while employed as a servant at the Louisville City Hospital, an eleemosynary institution established and maintained by the appellee, city of Louisville, sustained numerous painful and permanent injuries to her face, head and other parts of her body, whereby she was disfigured and maimed for life, by the explosion of the boiler or drum of a steam sterilizer located in and used by the hospital, which explosion resulted, as claimed by the appellant, from the opening by her of the door to the boiler or drum of the sterilizer at the command of a nurse of the hospital, superior to

her in authority, whom she was then attending as a helper and required to obey.

Shortly thereafter the appellant brought this action against the appellee, city of Louisville, in the court below, seeking to recover of it damages to the amount of $30,000.00 for the injuries complained of. Her alleged right of recovery against the appellee, city of Louisville, was rested by the petition upon the ground that the explosion of the drum of the steam sterlizer and injuries that thereby resulted to her, were caused by the gross negligence of its agents and employees, her superiors in authority, entrusted with the control of the hospital and care of its inmates, in permitting the boiler or drum of the sterlizer to become and remain overcharged and filled with steam beyond its capacity and power to withstand the pressure thereof; and, also, in failing to relieve or lessen such pressure by shutting off the steam from the drum in time to prevent the explosion.

The appellee filed a general demurrer to the petition, which the circuit court sustained. To this ruling the appellant duly excepted; and upon her counsel's announcing her refusal to plead further, the court dismissed the action and awarded the appellee its costs therein expended. The appellant's complaint of the judgment manifesting these rulings, led to her prosecution of the present appeal seeking its reversal.

In sustaining the demurrer to the appellant's petition and dismissing her action, the circuit court followed and adhered to the numerous decisions rendered by this court, all to the effect that a municipal corporation is not liable in actions for negligence in the performance of public duties incident to the exercise of its governmental functions; and that persons employed in the performance of such duties by the municipal corporation act as public officers, charged with a public service, and, being mere instruments by which such public duties are performed, that the doctrine of *respondeat superior* does not apply to such employments. And, as declared in many of the cases decided in this jurisdiction, to hold otherwise and subject the municipality to responsibility for the negligence of such employees would indirectly impose upon it a liability from which it is by law, or consideration of public policy, exempt.

The appellee, city of Louisville, by authority of the state Constitution and the provisions of its municipal charter, is clothed with the power to erect, establish and

maintain hospitals, almshouses and other buildings for the preservation of the public health; and where for that purpose it has established a hospital, it is not responsible to persons injured by reason of the misconduct or negligence of its agents and employees therein. And this would be true whether the person injured be a patient of the hospital or an employee therein. Browder v. City of Henderson, 182 Ky. 771; Leavell v. Western Ky. Asylum for the Insane, 122 Ky. 213.

An apt illustration of our meaning is contained in the following excerpt from Ruling Case Law, vol. 19, section 400:

"Even if the officers employed by a municipal corporation to assist in the preservation of the public health inflict injury to persons or property by their negligence the corporation is not liable, for the preservation of the public health is a purely public or governmental function. Thus it has been held that a city is not liable . . . for negligently caring for a person confined in its hospital." Twyman's Admr. v. Board of Council of Frankfort, 117 Ky. 518.

As the single question presented for decision on the appeal has so repeatedly been passed on in this and other jurisdictions, further discussion of it by us is deemed unnecessary. Hence, the opinion will be concluded with a citation of such of the authorities, in addition to those already mentioned, as we regard decisive of the case: Schwalk's Admr. v. City of Louisville, 135 Ky. 570; City of Bowling Green v. Rogers, 142 Ky. 558; City of Bowling Green v. Bandy, 208 Ky. 259; Braunstein v. City of Louisville, 146 Ky. 777; Greenwood v. City of Louisville, 13 Bush 226; O'Daly v. City of Louisville, 156 Ky. 815; Pollock's Admr. v. City of Louisville, 13 Bush 221; Board of Park Commissioners v. Prinz, 127 Ky. 460; City of Lexington v. Batson's Admr., 118 Ky. 489; Williamson v. Louisville Reform School, 95 Ky. 251; Katterer's Admr. v. State Board of Control, 131 Ky. 287; Allison v. Cash, 143 Ky. 689; City of Richmond v. Long's Admr., 17 Gratt (Va.) 387; Cook's Admr., et al v. John H. Norton Memorial Infirmary, 180 Ky. 331. Judgment affirmed, Judge Dietzman not sitting because of counsel for the appellee on the trial in the court below.