### CITY OF McALLEN et al. v. GARTMAN et ux.
### No. 9482.

Court of Civil Appeals of Texas. San Antonio.

Feb. 13, 1935.

Rehearing Denied April 10, 1935.

E. A. McDaniel, of McAllen, and Seabury, Taylor & Wagner, of Brownsville, for appellants.

Griffin & Kimbrough, of McAllen, and W. O. Douglas, of San Antonio, for appellees.

BICKETT, Chief Justice.

This is an appeal by the city of McAllen and Medical Protective Company from a judgment rendered by the district court in favor of Maggie A. Gartman and her husband, W. T. Gartman, for the sum of $7,500, of which $5,000 was adjudged against the city and the indemnity company jointly, for damages for personal injuries sustained by Mrs. Gartman, while a patient in the city hospital, through the negligence of a student nurse employee of the hospital.

The substantial contentions are that the city is not liable, because it operated the hospital, not for profit, but as a charitable and benevolent institution, and because it operated the hospital in the performance of a governmental function.

There was ample evidence to sustain the verdict of the jury that Mrs. Gartman sustained serious personal injuries on or about October 10, 1930, while a pay patient at the City Hospital of McAllen, as the result of the negligence of a student nurse employed by the hospital.

The city of McAllen is a municipal corporation established under the provisions of article 11, § 5, of the Constitution of Texas and of title 28, chapter 13, of the Revised Civil Statutes of Texas 1925 (article 1165 et seq.). Article 1175, § 28, of the Statutes provides that such a city shall have the power, "To provide for a health department and the establishment of rules and regulations protecting the health of the city and the establishment of quarantine stations, and pest houses, emergency hospitals and hospitals, and to provide for the adoption of necessary quarantine laws to protect the inhabitants against contagious or infectious diseases."·

The city charter expressly provided for the establishment and management of the hospital. And the resolution of the city commission authorizing the construction of the hospital recited that, "Whereas, the Board of Commissioners of the City of McAllen has heretofore determined that said city is particularly in need of a city hospital, as hereinafter provided for, and that the same is necessary for the treatment of diseases and care of persons needing medical attention and hospital facilities and accommodation."

The city did not operate the hospital for the purpose of profit, but for the conservation of the public health. The city paid all expenses for building, operating, and maintaining the hospital. All persons within the city in need of hospital service were entitled to enter the hospital as patients. All of those who were unable to pay were taken care of without cost to them. The mayor, the city health officer, and the hospital manager, or some of them, investigated and approved the free patients to determine their need for hospital service and their inability to pay for it, in order to protect the city from imposition. Such free patients were received into the hospital almost continually, and there were many of them in the course of each year. Those who were able to pay, however, were required to do so upon the basis of ordinary hospital fees or, at least, to the extent of their financial ability. The county paid a nominal charge for its charity patients from outside the city placed in the hospital at the request of the county health officer. The total receipts from all patients were applied to, but were insufficient for, payment of the cost of operation and maintenance of the hospital. The city paid the deficit. There was only one year, 1925 or 1926, in which it was claimed there was not a deficit to be borne by the city. It was testified that for that year there was a surplus of about $1,100 of receipts over disbursements, not taking into account payments of principal and interest on the original construction bonds or depreciation or certain other overhead expenses. The city officers, some physicians, and other citizens testified that the hospital was not maintained in order to make a profit, but to protect the public health.

The hospital was built by means of a city bond issue, and was operated as a part of the city government. It was exempted from the payment of state, county, city, school district, and other taxes.

■ A hospital constructed and maintained by a city for the principal purpose of conserving the public health, receiving indigent patients without cost to them, and applying all money receipts to expenses, is a purely charitable institution and is not liable for the injury received by a pay patient resulting from the negligence of an employee of the hospital. Lightfoot v. Poindexter (Tex. Civ. App.) 199 S. W. 1152; Barnes v. Providence Sanitarium (Tex. Civ. App.) 229 S. W. 588, 590; St. Paul's Sanitarium v. Williamson (Tex. Civ. App.) 164 S. W. 36; Baylor University v. Boyd (Tex. Civ. App.) 18 S.W.(2d) 700, 701;

Koenig v. Baylor Hospital (Tex. Civ. App.) 10 S.W.(2d) 396; Enell v. Baptist Hospital (Tex. Civ. App.) 45 S.W.(2d) 395; Steele v. St. Joseph's Hospital (Tex. Civ. App.) 60 S.W.(2d) 1083. We can not add anything to what has been well said in those cases, particularly, in Barnes v. Provident Sanitarium, by this court, wherein the following language was used: "As we have stated, the facts of the case are embraced in the testimony of the president of the corporation, and show that the ultimate purposes of the corporation are benevolent or charitable, to care for the poor, to nurse the sick and restore them to health, to minister to the unfortunate of every creed and nation; that any profits arising from the revenues derived from the hospital or other sources are put back * * * when earned, into the channels of the original purposes, thus precluding the diversion of any part of these funds to private gain or profit. It is universally held, so far as our search discloses, that these facts bring the agency of such purposes and accomplishments into the category of institutions of purely public charity."

■ And, moreover, the maintenance of such hospital by a city is in the exercise of a governmental power, so that the city is not liable for the act of negligence of an employee of the hospital. Dillon, Municipal Corporations (5th Ed.), § 661; Tollefson v. City of Ottawa, 228 Ill. 134, 81 N. E. 823, 11 L. R. A. (N. S.) 990; Watson v. City of Atlanta, 136 Ga. 370, 71 S. E. 664; Love v. City of Atlanta, 95 Ga. 129, 22 S. E. 29, 51 Am. St. Rep. 64; Scott v. City of Indianapolis, 75 Ind. App. 387, 130 N. E. 658; Young v. City of Worcester, 253 Mass. 481, 149 N. E. 204; Lloyd v. City of Toledo, 42 Ohio App. 36, 180 N. E. 716; Davie v. Board of Regents, University of California, 66 Cal. App. 693, 227 P. 243; Williams Adm'x v. Church Home for Females, 223 Ky. 355, 3 S.W.(2d) 753, 62 A. L. R. 721; Levy v. Superior Court, 74 Cal. App. 171, 239 P. 1100; Stonaker v. Big Sisters Hospital, 116 Cal. App. 375, 2 P.(2d) 520; Zachert v. City of Louisville, 214 Ky. 132, 282 S. W. 1071; Wallwork v. City of Nashville, 147 Tenn. 681, 251 S. W. 775; Browder v. City of Henderson, 182 Ky. 771, 207 S. W. 479; Bell v. City of Cincinnati, 80 Ohio St. 1, 88 N. E. 128, 23 L. R. A. (N. S.) 910; Benton v. Boston City Hospital, 140 Mass. 13, 1 N. E. 836, 54 Am. Rep. 436; Watson v. City of Atlanta, 136 Ga. 370, 71 S. E. 664; Maximilian v. City of New York, 62 N. Y. 160, 20 Am. Rep. 468; Williams v. Indianapolis, 26 Ind. App. 628, 60 N. E. 367; Johnston v. City of Chicago, 258 Ill. 494, 101 N. E. 960, 45 L. R. A. (N. S.) 1167, Ann. Cas. 1914B, 339; Robinson v. Washtenaw Circuit Judge, 228 Mich. 225, 199 N. W. 618; University of Louisville v. Metcalfe, 216 Ky. 339, 287 S. W. 945, 49 A. L. R. 375.

There was, therefore, no liability upon the part of the city of McAllen or Medical Protective Company; and the trial court should have granted their motion for a peremptory instruction to the jury.

The judgment of the District Court is reversed, and judgment is here rendered that appellees take nothing by their suit against appellants.