John Kelly, Appellant, v. City of Chicago, Appellee.

Gen. No. 42,767.

Opinion filed December 13, 1944.   Released for publication January 4, 1945.

WIND, WIND & CANAN and CHARLES C. & RICHARD M. SPENCER, all of Chicago, for appellant; SAMUEL H. ROSENBERG, of Chicago, of counsel.

BARNET HODES, Corporation Counsel for appellee; J. HERZL SEGAL, L. LOUIS KARTON and HARRY MARKIN, Assistant Corporation Counsel, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an appeal by plaintiff who sued the City for damages for injuries sustained while a prisoner in the Chicago House of Correction. The trial court sustained the City's successive motions to strike plaintiff's original, amended and second amended complaints and plaintiff stood on the latter pleading.

The issue is whether the second amended complaint states a good cause of action against the City, and presents a question of law.

The complaint charges that plaintiff was injured as a result of a landslide in a clay pit wherein he was compelled by prison guards to shovel clay for the making of bricks which were sold at a profit; that he was placed in dangerous working conditions by failure of the City to erect barricades and supports for his protection; and the City should have foreseen that failure to provide the protection would inevitably cause the accident.

Plaintiff contends the City volunteered to create and maintain the House of Correction under a permissive statute and was engaged in business for profit and not in governmental functions and should be held liable. The City, on the other hand, contends that the maintenance and operation of the House of Correction is a governmental function from which no tort liability can arise.

The prison involved in the suit is maintained by virtue of the House of Correction Act, Chapter 67, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 62.01 *et seq.*]. It is true that the Act is permissive, but Section I after authorizing the establishment of such institutions and the acquisition of the necessary land therefor, provides

that when a City establishes the institution, the municipal authorities ". . . shall have full and complete police powers, for the purpose of control and management of the same and of the persons confined therein, over such lands . . ." and the surrounding territory and highways leading thereto from the City, etc. These express police powers to municipal authorities over the land and roads surrounding and leading to the prison for the purpose of controlling and managing the persons therein, presuppose police power over those persons. We think the apprehension, conviction and incarceration of violators of law are clearly public, governmental functions (*Culver v. City of Streator,* 130 Ill. 238; *Evans v. City of Kankakee,* 231 Ill. 223), as opposed to local, proprietary functions. They are essential functions of government to promote the common good, not only of those in the local community in which the penal institution is located, but of all in the State. The permissive character of the House of Correction Act does not change the nature of the function.

The making of brick and its related activities are pursued by the prisoners under coercion and the bricks are later sold by the City at a profit. The essential characteristic of the House of Correction is penal and these additional facts do not alter that characteristic. The prisoners are credited with $2.00 per day on their fines for this labor, but the purpose is not purely mercenary, for they are kept occupied and the work, accordingly, has a humane side.

We deem it unnecessary to refer to cases of foreign jurisdictions cited in the briefs. *Johnston v. City of Chicago,* 258 Ill. 494, involving the negligence of a driver of a Chicago Public Library automobile; *Roumbos v. City of Chicago,* 332 Ill. 70, involving the negligence of a street cleaner; *Wasilevitsky v. City of Chicago,* 280 Ill. App. 531, involving the negligent operation of a garbage motor truck; *McKeown v. City of Chicago,* 319 Ill. App. 536, involving the negligence of City firemen engaged in flooding a private lot for use

■■■■■■■■■■

in ice skating; and other cases cited by plaintiff, pertain to proprietary functions and are not applicable.

It is our conclusion that the well-pleaded allegations of the complaint, considered as true, do not state a cause of action against the City of Chicago. The judgment is, accordingly, affirmed.

*Judgment affirmed.*

BURKE, P. J., and LUPE, J., concur.