**KOENIG et ux. v. BAYLOR HOSPITAL et al. (No. 2186.)**

Court of Civil Appeals of Texas. El Paso. Oct. 25, 1928.

Davis, Synnott & Hatchell, of Dallas (Currie McCutcheon, of Dallas, of counsel), for appellants.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellees.

HIGGINS, J. This is an action to recover damages by Koenig and wife against Baylor University and Baylor Hospital. The plaintiffs dismissed as to Baylor Hospital. A peremptory charge was given in favor of Baylor University, in accordance wherewith verdict was returned and judgment rendered.

The petition is lengthy. In substance, it is to the effect that on or about the 6th day of May, 1926, Mrs. Clementine Koenig was in such physical condition that it was deemed advisable to place her in a hospital for the purpose of having an operation performed; that she was placed in the hospital of Baylor University, and was operated upon on May 8, 1926; that, due to the failure upon the part of the hospital authorities to exercise ordinary care in the selection and retention of their servants, agents, and employees, she was fed improper food on or about the 18th day of May, and, as a result thereof, her stomach was upset, and her recovery from the operation was retarded and delayed, and, as a direct and proximate result of the said upset condition, she contracted tuberculosis, and is now suffering from that malady. She sought to recover the sum of $35,000 from the defendants as her damages in the premises.

Baylor University answered by general denial and a special plea that it was a private corporation, organized under the laws of Texas wholly for benevolent and charitable purposes, and, in pursuance of such purposes, had erected, and was maintaining, in the city of Dallas, a sanitarium wherein the members of the corporation were administering to the sick, infirm, and afflicted of all creeds and nations, nursing and caring for them, and restoring them to health as far as possible, and was so engaged at the time the appellant Clementine Koenig claims to have received her injuries. It was further alleged that the corporation had no capital stock, and that its members received no profit from the operation of the corporation, but that, on the contrary, all moneys derived from every source, whether from pay patients, donations, bequests, or otherwise, were devoted to benevolent and charitable purposes, and for that reason appellee was not liable for injuries received by an inmate thereof as a result of negligence, if any, upon the part of the employees of the appellee.

The answer also avers that the said Mrs. Koenig came to the hospital at the direct instance and request, and under the exclusive control and direction, of a physician of her own choice, which said physician was in no sense the agent, servant, or employee of the hospital, and over whom the appellee had no control, and for whose acts and conduct it was in no manner responsible. That the agents, servants, and employees of the appellee hospital merely carried out the instructions and directions of the said physician, and that the plaintiff's trouble, if any, was due to the fact that she was placed on a general diet, under the instructions and directions of her physician, before she, in her weakened physical condition, was ready to receive same, and the said mistake, if any, was the mistake of her physician in charge

of the case, for which the appellee was in no sense legally liable.

Baylor Hospital was operated in connection with the school of medicine of Baylor University. The evidence shows that Mrs. Koenig was placed in the hospital upon the order of her own doctor who operated upon her. She was first placed upon a liquid diet, which some days after the operation was changed to a general diet. A day or two after this change she had a severe stomach disturbance, which made her quite ill. Later she developed pulmonary tuberculosis. According to the testimony of her physician, it was a recurrence of a previously arrested case of tuberculosis. According to Mrs. Koenig's testimony, she had never had the disease before.

From the statement of petition it is apparent the plaintiffs proceeded upon the theory that appellee was conducting a hospital of a public charitable nature, and liable only for its alleged failure to exercise ordinary care in the selection and retention of its servants, agents, and employees, whose duty it was to supply her with proper food. Texas Cent. R. Co. v. Zumwalt, 103 Tex. 603, 132 S. W. 113, 30 L. R. A. (N. S.) 1206; St. Paul's Sanitarium v. Williamson (Tex. Civ. App.) 164 S. W. 36; Barnes v. Providence Sanitarium (Tex. Civ. App.) 229 S. W. 588.

We have examined the entire statement of facts, and find no evidence of any negligence in the selection and retention of such servants, agents, and employees. Indeed, there is no evidence of any negligence upon the part of such persons themselves.

While there is quoted in the appellant's brief much of the evidence adduced, we are not advised of the theory upon which they assume it raises any issue of negligence. Clearly, it seems to us, no such issue was raised.

Upon this view it follows the peremptory charge was properly given. The only question here presented is the propriety of the charge in the state of the evidence.

Affirmed.