## BAYLOR UNIVERSITY v. BOYD.
### (No. 10418.)

Court of Civil Appeals of Texas. Dallas.
May 15, 1929.

Harry P. Lawther and Wm. M. Cramer, both of Dallas, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

JONES, C. J. Walter Boyd, appellee, in a suit in county court at law of Dallas county, No. 1, against Baylor University, appellant, a private corporation, was awarded a judgment for $950, and appellant has duly perfected its appeal to this court. Appellant, under its charter, was authorized to, and did, conduct a university, with its main branch in the city of Waco, a medical and dental college in the city of Dallas, and likewise a general hospital, also in the city of Dallas. It is owned and operated by the Baptist Church in Texas, and is under the supervision of trustees elected by the State General Convention of such church, which body regulates such trustees. Appellee was a pay patient at the hospital, and in his petition alleged that he received painful and permanent injuries to a wrist by the application by an employee, agent, or servant of said hospital of a hot water bottle while he was partially unconscious from the administration of narcotics. Appellee alleged that his injuries proximately resulted from the negligence, carelessness, and incompetence of an agent, servant, or employee of appellant, and further that the specific employee, who thus wrongfully permitted his injuries, was a Mexican orderly, named Jesse Hernandes. The petition also alleges that appellant was negligent in selecting its employees and especially in selecting the employee who applied the hot water bottle, and that his injuries resulted from such negligence. Appellant pleaded a general denial, specifically denied that there was any one during the time appellee was in its hospital in its employ by the name of Hernandes, or that any injuries resulted from the application by any of its agents or employees of a hot water bottle to the wrist and arm of appellee; and also by appropriate allegations affirmatively pleaded that the Baylor Hospital, under its charter and under the manner in which it is operated, is a charitable institution, in that the hospital is not operated for profit by its owners, that it receives patients from all walks of life, of any nationality and of any church affiliation, whether such patients are able to pay for the treatment received or not, that, by reason of its being such an institution, it is exempt under the laws of this state from the negligence of its agents, servants, or employees, and can only be held responsible for the negligence of its governing body in the employ of such agents, servants, and employees; and specifically denied any negligence in respect to such employment.

The case was submitted to the jury on special issues, and the findings of the jury on such special issues are as follows:

(1) That appellee's hand was burned by an employee of appellant; (2) that appellant's employee was negligent; and (3) that such negligence was the proximate cause of the injuries; (4) that appellant was not negligent in the selection of the agent who burned appellee's hand; and (6) fixed the damages at $950; also (7) that a Mexican orderly, who said his name was Hernandes, placed the hot water bottle on appellee; and (8) that such placing was the proximate cause of the injuries; (9) that it was not within the scope of employment of the Mexican orderly to place a hot water bottle on appellee; (10) that he was not instructed not to place hot water bottles on patients; but (11) that the officers or agents in charge of Baylor Hospital did not know, and could not have known by the exercise of ordinary care, that the Mexican orderly would or might place a highly heated hot water bottle upon appellee; and (12) Baylor Hospital was not a purely charitable institution.

The questions herein discussed are raised by proper assignments of error. Giving to appellant's petition the construction most favorable to him, recovery is predicated upon two alleged grounds of negligence: (a) That his injuries resulted from the negligence of an employee of appellant, a Mexican orderly he believed to be named Jesse Hernandes;

(b) that his injuries were the result of the failure of appellant to exercise ordinary care in selecting its employees. The jury's findings, above quoted, were favorable to appellee on the first ground above stated, unless such findings are nullified by the subsequent findings on special issues Nos. 9 and 11, to the effect that it was not within the scope of employment of the Mexican orderly to place a hot water bottle on appellee, and that the officers or agents in charge of Baylor Hospital did not know and could not have known, by the exercise of ordinary care, that the Mexican orderly did or might place on appellee a highly heated hot water bottle. On the second ground of negligence, the jury resolved this issue in favor of appellant. We do not find it necessary to discuss the effect of the findings of the jury on special issues Nos. 9 and 11, for the reason that we believe no such grounds can be made the basis for a recovery against appellant in this case. The evidence indisputably establishes that Baylor Hospital is a charitable institution, and that a patient suffering injuries while in its care, in a suit to recover damages for such injuries, is controlled by the rules of law applicable to charitable institutions.

■ It is the general recognized rule of law that: "A corporation, the object of which is to provide a general hospital for sick persons, having no capital stock nor provision for making dividends or profits, deriving its funds mainly from public and private charity, and holding them in trust for the object of sustaining the hospital, conducting its affairs for the purpose of administering to the comfort of the sick, without expectation or right on the part of those immediately interested in the corporation to receive compensation for their own benefit, is a public charitable institution." 5 R. C. L. 373.

The fact that such a corporation by its rules requires of patients payment of their board according to their circumstances and the accommodations they receive, and the further fact that no person may individually have the right to demand admission, does not change its status as a charitable institution. St. Paul's Sanitarium v. Williamson (Tex. Civ. App.) 164 S. W. 36; Barnes v. Providence Sanitarium (Tex. Civ. App.) 229 S. W. 588; Koenig et ux. v. Baylor Hospital et al. (Tex. Civ. App.) 10 S.W.(2d) 396.

In this case the evidence indisputably shows that the hospital in question is a charitable institution, that it is not operated for profit, and that if, at the end of any fiscal year, there should be a surplus, over the expense of maintaining and operating the hospital, derived from payments by its patients and public contributions, such surplus is placed in the general fund of the hospital and used for its general charitable purposes. It necessarily follows that the court should have held, as a matter of law, that Baylor Hospital is a charitable institution, and should not have submitted such question to the jury as a disputed issue of fact. The finding of the jury, in response to special issue No. 12, that Baylor Hospital was not a purely charitable institution, is not sustained by any substantial evidence, and was not a disputed issue of fact to be submitted to the jury.

■ There is some confusion and conflict in the authorities in this country on the question of the liability of a charitable corporation for the negligence or other torts of its officers or servants. The better weight of authority seems to be that a patient in a charitable hospital, receiving an injury from the acts of the servants or agents of the hospital, cannot recover for such injury, unless the hospital failed to exercise ordinary care in the selection of its servants or agents; and this without regard as to whether the patient was a "pay" patient or a "free" patient. This is the rule adopted in this state, and the rule of law controlling the right of recovery by appellee in the instant case. St. Paul's Sanitarium v. Williamson, supra; Koenig et ux. v. Baylor Hospital et al., supra; Barnes v. Providence Sanitarium, supra. Applying this rule of law to the undisputed evidence and the findings of the jury on the controverted issues of fact of the instant case, can the judgment in favor of appellee be sustained?

The findings of the jury on disputed issues of fact that are favorable to appellee can be made the basis for a judgment only on the theory that the doctrine of respondeat superior applies in this case. Such doctrine makes the master responsible for the negligent acts of a servant, committed while he is acting within the general scope of his employment and in pursuance of his master's business. This doctrine, as we have seen, does not apply to this case, and these favorable findings cannot be appealed to to sustain the judgment. The finding of the jury on the disputed issue of fact, as to whether the authorities of Baylor Hospital were negligent in selecting the employees, is supported by substantial evidence, and is binding on this court. This finding, adverse to appellee on the only theory on which he could base a recovery in this case, required a judgment in favor of appellant.

We therefore conclude that the court was in error in entering a judgment in favor of appellee and should have entered judgment in favor of appellant. It necessarily follows that this case must be reversed, and here rendered in favor of appellant, and it is so ordered.

Reversed and rendered.