**SCOTT et al. v. WM. M. RICE INSTITUTE.**

No. 11577.

Court of Civil Appeals of Texas. Galveston.

Feb. 3, 1944.

Rehearing Denied Feb. 24, 1944.

Allen, Helm & Jones, of Houston, (J. Edwin Smith, of Houston, of counsel), for appellants.

Sears, Blades, Moore & Kennerly and Geo. D. Neal, all of Houston, for appellee.

CODY, Justice.

Natalee Scott, a minor, by her father and next friend, who also acted on his own behalf, brought an action for personal injuries against William M. Rice Institute for Advancement of Literature, Science and Art. They alleged that as a proximate result of the negligence on the part of the defendant, the high heel of Miss Scott's shoe caught in a crack between the planking of the standing platform adjacent to the seat she was occupying while attending the Rice-Sam Houston football game in Rice Stadium on the evening of October 4, 1941, so that she fell and received severe injuries.

Rice Institute answered by a general denial, by a special plea of immunity from tort liability as a charitable institution, and by other pleas.

The jury returned a verdict in favor of Miss Scott for $20,000, and for her father in the sum of $500. The trial court granted the defendant's motion for judgment notwithstanding the verdict, and rendered judgment for defendant, and plaintiffs have appealed.

■ At the time the appeal was submitted and argued in this court, it was made to appear that there was then under submission in the Supreme Court the case of Southern Methodist University v. Clayton which has since been decided on December 15, 1943, 176 S.W.2d 749, 751. As Rice Institute is a charity corporation and there is no material difference between that case and this, final disposition of that case was awaited. It was finally disposed of on motion for rehearing, January 26, 1944. By the holding in that case it is now the settled law of this State that charity corporations are immune "from liability for the torts of their agents, in the absence of negligence in employing or keeping the latter, whether the injured party be a beneficiary of the trust or a stranger to it, since the result to the charity would be the same in either case."

■■ Appellants now believe they see a distinction between the cases, as it appears that the athletic department of Southern Methodist University consistently lost money every year, whereas the proof shows that Rice Institute has managed to "keep in the black now", and has operated its athletics at a small profit since 1938, which profit has not been passed to its general funds, but is held as a contingent fund to cover any loss which may occur in the future. Holding such small profit in suspense or reserve to be applied to losses in the lean years is merely a method of keeping books. If the lean years come and absorb such reserve, the deficit must be supplied from the general fund. Such contingent fund is as much a part of the as-

sets of Rice Institute as its general fund, and as much devoted to the purpose of the Institute. A charity corporation does not have to be unfortunate or unskillful in the management of its activities or finances in order to enjoy such immunity. And this case is governed by the ruling in the Southern Methodist University case, supra.

Other questions are presented. But as this appeal is ruled by the holding in the cited case, no purpose would be served in discussing them.

The judgment of the trial court should be affirmed; and it is so ordered.

Affirmed.