## BAPTIST MEMORIAL HOSPITAL v. MARRABLE.

### No. 12334.

Court of Civil Appeals of Texas, San Antonio.

Oct. 24, 1951.

On Rehearing Nov. 21, 1951.

Rehearing Denied Dec. 19, 1951.

Brewer, Matthews, Nowlin & Macfarlane, Grady Barrett, Clinton G. Brown, Jr., all of San Antonio, for appellant.

Charles J. Lieck, O. Shelley Evans, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal by Baptist Memorial Hospital, a non-profit charitable institution, from a judgment in favor of Maude Marrable awarding her damages in the sum of $4,566.50 for injuries suffered by her husband, Dannie B. Marrable, when he fell from a bed upon the floor of the hospital.

On July 15, 1950, Dannie B. Marrable was admitted to appellant hospital in a semi-conscious condition. He was given treatment in the emergency room and ultimately transferred to a bed in a ward with other patients. The bed in which he was placed did not have attached side-boards or

side-rails. Appellee, Maude Marrable, and her nephew stayed with her sick husband until about 10:30 p. m. that night, and before leaving requested that side-boards be placed on the bed occupied by her husband. She was promised this would be attended to by the nurse visiting on her husband, but the promise was not kept and later her husband fell from his bed and suffered injuries. He died shortly thereafter. According to the findings of the jury the fall was not the cause of his death, but it was the cause of injuries suffered by him.

The principal question presented by this appeal is whether the duty to furnish appellee's husband a bed with side-boards attached was a non-delegable duty of the hospital for the failure of which a non-profit charitable institution would be liable.

Appellant had on hand side-boards in its basement and any nurse, with an aid of an orderly, could secure these side-boards and attach them to a bed if she thought they were necessary.

It is undoubtedly the duty of a charitable hospital to furnish proper and suitable equipment free from defects for the care and treatment of such patients as it accepts and this duty is a non-delegable duty. Southern Methodist University v. Clayton, 142 Tex. 179, 176 S.W.2d 749; Medical & Surgical Memorial Hospital v. Cauthorn, Tex.Civ.App., 229 S.W.2d 932.

It is equally true in this State that a charitable hospital is not liable for injuries resulting from the negligence of its agents, servants and employees. Baylor University v. Boyd, Tex.Civ.App., 18 S.W. 2d 700; Barnes v. Providence Sanitarium, Tex.Civ.App., 229 S.W. 588; Koenig v. Baylor Hospital, 10 S.W.2d 396; Southern Methodist University v. Clayton, supra; Enell v. Baptist Hospital, Tex.Civ.App., 45 S.W.2d 395; Steele v. St. Joseph Hospital, Tex.Civ.App., 60 S.W.2d 1083.

The appellant discharged its non-delegable duty to furnish proper and suitable equipment in this case, that is the side-boards, when it procured them and put them in the basement where they could readily be obtained and used by the nurses on duty. When the nurse in charge of ap-

pellee's husband promised to place the side-boards on the bed occupied by appellee's husband but failed and neglected to do so she was guilty of negligence for which the managing officers were not responsible. Baylor University v. Boyd, supra; Barnes v. Providence Sanitarium, supra; Southern Methodist University v. Clayton, supra; Enell v. Baptist Hospital, supra; Steele v. St. Joseph Hospital, supra.

The jury found in effect, by its answers to Issues Nos. 2 and 3, that appellant was guilty of negligence in not furnishing appellee's husband a bed with side-boards on it. The evidence does not support this finding. Appellant, as distinguished from its servants and employees, was not negligent when it furnished side-boards to be attached to the beds whenever they were needed. The failure of the nurse to attach the side-boards was an act of negligence of an employee for which the charitable hospital was not responsible.

The only two cases that have been called to our attention, where there was a failure to furnish side-boards, are Silva v. Providence Hospital of Oakland, 14 Cal.2d 762, 97 P.2d 798, and Gordon v. Harbor Hospital, Inc., 275 App.Div. 1047, 92 N.Y.S.2d 101. The State of California does not recognize any immunity from liability of a non-profit charitable hospital, and the Supreme Court of that State simply held that the hospital was liable for the negligence of the nurse who failed to place the side-boards on the bed. This is contrary to the well-recognized immunity from liability of charitable hospitals in Texas.

In the New York case the doctor ordered side-boards placed on the patient's bed and this order had been communicated to the management of the hospital who failed to have the orders carried out. This became the negligence of the management of the hospital, a very different situation from the facts in the instant case.

The facts are undisputed here that the failure to place the side-boards on the bed occupied by appellee's husband was due to the negligence of the nurse in charge of him and no one else. The side-boards were provided by appellant and the nurse simply neglected to place them on the bed, an act

of negligence for which a non-profit charitable hospital is not liable under the decisions of this State.

Accordingly, the judgment will be reversed and judgment here rendered that appellee take nothing and pay all costs of this and the court below.

Reversed and rendered.

On Motion for Rehearing.

■ On the original submission of this cause, we assumed there was no dispute as to the fact that appellant was a non-profit charitable institution, and with this in mind we not only reversed the cause but also rendered judgment.

Appellee now makes it known that but for the fact that the trial court struck the pleadings of appellant relating to this matter and excluded all evidence offered with reference thereto, she would have challenged this fact in the trial court.

We therefore set aside our judgment heretofore entered herein and now reverse the judgment of the trial court and remand this cause for a new trial. Appellee's motion for a rehearing is granted in this particular and is otherwise overruled.