## BAPTIST MEMORIAL HOSPITAL,
Appellant,

v.

## Louise McTIGHE, Appellee.

No. 5224.

Court of Civil Appeals of Texas.

El Paso.

May 1, 1957.

Rehearing Denied June 19. 1957.

Matthews, Nowlin, Macfarlane & Barrett, San Antonio, for appellant.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellee.

FRASER, Justice.

This is an appeal from a judgment rendered in favor of plaintiff by the District Court of Bexar County, Texas. The case was tried to a jury, and the facts are briefly as follows:

Plaintiff, appellee, went to defendant hospital at the suggestion of her physician for the purpose of having an X-ray picture made. She paid the receptionist the sum of five dollars in advance, and after being told where the ladies' rest-room was, she proceeded down the hall according to directions. When she reached the rest-room, she opened the door, and while entering fell and broke her leg and hip. The evidence showed that the door reached down to the level of the hall, and that the floor of the rest-room was some six and one-quarter inches higher than the level of the hall, and it was this so-called riser that plaintiff claimed she fell over.

The jury found that the defendant was negligent in maintaining the door to the rest-room so as to allow the bottom of the door to extend all the way down to the

hall floor; that it was negligence for the defendant to maintain the door to the rest-room so as to hide the floor level of the rest-room; that the defendant was negligent in failing to have a sign on the door sufficient to give notice to those entering the rest-room that the floor level in the rest-room was higher than the level of the hall floor.

There was evidence that the building was constructed in accordance with sound architectural principles; that this particular rest-room had been used by many thousands of people for many years, and no one had previously been hurt. The jury found that the rest-room was sufficiently lighted, it was undisputed that there were replacement light globes on hand at all times, the jury also found that the defendant was not negligent in maintaining the rest-room with the floor level higher than the level of the hall floor. Among other things the jury found that the plaintiff, by the exercise of ordinary care, could have observed the elevated floor of the rest-room, and that she failed to observe it prior to her fall, but that such was not negligence.

It was stipulated that the building and premises herein involved were at the time of the accident owned and operated by the defendant, Baptist Memorial Hospital, and that defendant was a non-profit charitable hospital or institution, duly incorporated as such under the laws of the State of Texas.

■ Appellant has presented some eleven points of error, but we think the first point is decisive of the appeal, and must be sustained. This point complains that the trial court erred in overruling defendant's motion for an instructed verdict and in overruling defendant's motion for judgment non obstante veredicto because the defendant is a non-profit charitable institution, and there is no evidence of

negligence under which defendant could be held liable as such.

We think this case is controlled by the reasoning and holding of the Supreme Court in Southern Methodist University v. Clayton, 142 Tex. 179, 176 S.W.2d 749. In this case the trial court did sustain the University's motion for an instructed verdict. The Court of Civil Appeals reversed the trial court, the Supreme Court reversed the Court of Civil Appeals and affirmed the decision of the trial court. Plaintiff in this case was a paying spectator at a University football game, and was injured by the collapse of a temporary bleacher, so that in that case, as in this, we are dealing with a stranger to the charity. The Supreme Court points out that a charity corporation is liable to an employee for injuries proximately caused by the negligence of its officers, vice-principals or agents, but is not liable for injuries to beneficiaries provided the institution was not negligent in hiring or keeping the agents responsible for the injuries. The court then points out that its problem is whether or not this last rule is to be extended to strangers to the charity, and holds that there is no distinction in Texas relative to a charitable institution's immunity, based on whether the injured person is a charitable or paying patient or customer. The Supreme Court follows and appears to have adopted the holding and reasoning of the Supreme Court of South Carolina in Vermillion v. Woman's College of Due West, 104 S.C. 197, 88 S.E. 649. The decision of the South Carolina court is very obviously based on the premise or principle that the assets of a charitable institution should not be diminished or extinguished by lawsuits filed by injured persons. The court specifically said that the exemption of public charities from liability in actions for damages for tort does not rest upon the relation of the injured person to the charity, but upon grounds of public policy which forbids the crippling and destruction of charities. The court

further states that it is better that the individual suffer injury without compensation than for the public to be deprived of the benefit of the charity, and seems to base this reasoning on the fact that such charitable institutions are most valuable to the State because of the service they render.

The Texas Supreme Court, after stating that this South Carolina case is on all fours with the case before it, goes on to say [142 Tex. 179, 176 S.W.2d 751]:

"We must agree, therefore, with the holding of the Supreme Court of South Carolina in the Vermillion case, * * * that no liability exists."

We therefore must assume that our Supreme Court has adopted both the reasoning and holding of the South Carolina court. Therefore, this decision by our Supreme Court presents a complete barrier to plaintiff's recovery in the cause before us.

The appellee caused to be introduced in the absence of the jury, an indemnity insurance policy purporting to protect the defendant from having to pay damages for an accident such as this. We have not found any authority in Texas (although some other courts have made the distinction) where the presence of an insurance policy caused any change in the liability or immunity of a charity institution. We do not feel that there is any escape from the holding and implication of the Clayton case, and we must hold that it is decisive of the case on appeal here. Southern Methodist University v. Clayton, supra; Vermillion v. Woman's College of Due West, supra; Scott v. Wm. M. Rice Institute, Tex.Civ. App., 178 S.W.2d 156; Felan v. Lucey, Tex.Civ.App., 259 S.W.2d 302; Baptist Memorial Hospital v. Marrable, Tex.Civ. App., 244 S.W.2d 567.

There appear to be three exceptions in Texas to the immunity enjoyed by charitable groups.

The Clayton case establishes that a charity in this State is liable to an employee for injuries proximately caused by the negligence of its officers, agents, or vice-principals. Hotel Dieu v. Armendarez, Tex.Com.App., 210 S.W. 518. This case also recognizes the charity's liability, if it is negligent in hiring or keeping the agent whose negligence proximately caused the injury. Enell v. Baptist Hospital, Tex.Civ.App., 45 S.W.2d 395; Steele v. St. Joseph's Hospital, Tex.Civ.App., 60 S.W.2d 1083. Other cases have recognized the rule that the charity may be liable for negligence on the part of the officers or managing directors in selecting or supplying safe instrumentalities for the treatment of patients. Medical & Surgical Memorial Hospital v. Cauthorn, Tex.Civ.App., 229 S.W.2d 932; Baptist Memorial Hospital v. Marrable, Tex.Civ.App., 244 S.W.2d 567.

The facts in the case before us do not appear to fall under any of the three recognized exceptions to the Texas application of the immunity rule for non-profit, charitable institutions. The reasoning and holding of our Supreme Court in the Clayton case seems very clear, and, in view of the fact that here the plaintiff seems unable to establish that the facts of this particular case bring it under any of the exceptions above set forth, the holding and reasoning set forth in the Clayton case, we think, present an insuperable barrier to the plaintiff's cause of action against the defendant.

We therefore sustain appellant's first point, and hold that the trial court should have instructed a verdict favorable to defendant. Because of this action, we do not deem it necessary to discuss appellant's other points.

The decision of the trial court is therefore reversed, and judgment here rendered that plaintiff take nothing.

McGILL, J., not participating.