**Mary A. WATKINS, A Feme Sole,
Appellant,**

**v.**

**SOUTHCREST BAPTIST CHURCH,
Appellee.**

**No. 7424.**

Court of Civil Appeals of Texas.
Amarillo.

Dec. 21, 1964.

Rehearing Denied Jan. 18, 1965.

A. W. Salyars, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

CHAPMAN, Justice.

Appellant, Mary Watkins, filed suit against Southcrest Baptist Church of Lubbock, Texas, for personal injuries suffered in a fall in the church building which she alleged was caused by an excessively slick floor.

In its pleading appellee alleged it was a charitable and religious corporation immune from tort liability. It then filed its motion for summary judgment alleging the same and attached thereto a certified copy of its charter on file with the Secretary of State showing it to be a non-profit corporation organized for "the support of public worship." The motion for summary judgment was filed on August 22, 1963, and appellant filed its First Amended Original Petition on August 26, thereafter, her only summary judgment component upon which the motion was heard by the court.

Appellant urges reversal on a group of points under which she contends that the law in Texas is based on an erroneous theory and cites cases from some twenty-one other jurisdictions holding to the contrary. She relies strongly on the reasoning and holding of President and Directors of Georgetown College v. Hughes, 76 U.S. App.D.C. 123, 130 F.2d 810.

■ Since December 1943 the rule in Texas has been that charity corporations are immune from liability for the torts of their agents in the absence of negligence in employing or keeping such agents, whether the injured party be a beneficiary of the trust or a stranger to it, since the result to the charity would be the same in either case. Southern Methodist University

v. Clayton, 142 Tex. 179, 176 S.W.2d 749; Sandone v. Dallas Osteopathic Hospital, Tex.Civ.App., 331 S.W.2d 476 (N.R.E.); Baptist Memorial Hospital v. McTighe, Tex.Civ.App., 303 S.W.2d 446.

In its opinion in the case of Southern Methodist University v. Clayton, just cited, our Supreme Court took note of the case of President and Directors of Georgetown College v. Hughes, supra, but refused to follow it.

Appellant contends that the rule in Southern Methodist University v. Clayton, supra, was not intended to be applicable in a case such as this one because the church in this case carried public liability insurance. In Baptist Memorial Hospital v. McTighe, supra, the Baptist Memorial Hospital carried indemnity insurance against just such injuries as the one in the instant case.[1]

The El Paso Court of Civil Appeals in the case of Baptist Memorial Hospital v. McTighe, supra, held:

"The appellee caused to be introduced in the absence of the jury, an indemnity insurance policy purporting to protect the defendant from having to pay damages for an accident such as this. We have not found any authority in Texas (although some other courts have made the distinction) where the presence of an insurance policy caused any change in the liability or immunity of a charity institution. We do not feel that there is any escape from the holding and implication of the Clayton case, and we must hold that it is decisive of the case on appeal here. Southern Methodist University v. Clayton, supra; Vermillion v. Woman's College of Due West, supra; * *."

The El Paso Court wrote upon only one of the eleven points raised by appellant in that case; i. e., if recovery could be had against a charitable organization which carried indemnity insurance such as in the instant case. The Supreme Court refused a writ n. r. e., which indicates to us it is adhering to the rules announced in Southern Methodist University v. Clayton, supra, and Vermillion v. Woman's College of Due West, 104 S.C. 197, 88 S.E. 649, even though a charitable institution carries insurance indemnifying against just such accidents and resultant injuries as those in the McTighe case and the instant case.

Appellant cites a case from the Court of Appeals from the State of Georgia (not the Supreme Court of that State) which furnishes strong argument in favor of the contention she makes in this case for recovery at least to the amount of the insurance policy. There is good reasoning in that case. Also, we are quite conscious of the fact that the rule of stare decisis is not an iron-bound rule.[2] However, the Supreme Court had an opportunity to modify the rules of the Southern Methodist University v. Clayton case in the McTighe case where indemnity insurance was carried by the Baptist hospital. They refused to do so and we would feel presumptious to hold otherwise in the face of the jurisprudence of this state definitely established in the cases cited. If the Southern Methodist University v. Clayton rule is to ever be modified in Texas where public liability insurance is involved, we feel it is for the Supreme Court to modify it and not for an intermediate appellate court to do so.

Accordingly, the judgment of the trial court is affirmed.

1. There the claimant slipped and fell while entering the ladies' restroom of the hospital where the floor was higher than the hall from which she was entering, whereas in our case appellant slipped on an allegedly excessively slick floor.

2. Ricks v. Smith, 159 Tex. 280, 318 S.W. 2d 439; Hilley v. Hilley, 161 Tex. 569, 342 S.W.2d 565.