Ray and Rebecca Cobb v. Dallas Ft. Worth Medical Center - Grand Prairie















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-086-CV

     RAY AND REBECCA COBB,
                                                                         Appellants
     v.

     DALLAS FORT WORTH MEDICAL
     CENTER - GRAND PRAIRIE,
                                                                         Appellee
 

From the 17th District Court
Tarrant County, Texas
Trial Court # 17-177355-99
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

     Ray and Rebecca Cobb appeal from a summary judgment rendered in favor of Dallas Fort
Worth Medical Center-Grand Prairie (DFWMC). The Cobbs claim in six points that: 1) the trial
court erred in granting DFWMC’s motion for summary judgment because genuine issues of
material fact exist as to their causes of action for negligence, gross negligence, strict products
liability, implied and express warranties and the DTPA; 2) the trial court erred in sustaining
DFWMC’s objections and special exceptions to their summary judgment response; 3) DFWMC’s
“no-evidence” summary judgment motion does not specifically challenge the evidentiary support
for their claims as required by Rule 166(a)(i) of the Texas Rules of Civil Procedure; and 4) they
brought forth more than a scintilla of evidence to raise a genuine issue of material fact on their
negligence, gross negligence, and DTPA claims in response to DFWMC’s no-evidence motion.
Background
      Rebecca Cobb suffers from severe back pain and weakness. Dr. Jeffery Carter examined her
and diagnosed her condition as being caused by an internal disc disruption in her lower back. He
recommended that she have surgery to repair the damaged disk, which included insertion of
pedicular hardware in her back. Dr. Carter performed the surgery with Dr. James Pollifrone
assisting and Mark Buckley acting as scrub technician. 
      Several days later Dr. Carter discovered that the screws used to install the pedicular hardware
in Mrs. Cobb’s back were made for a child patient and were not safe for use in a patient of Mrs.
Cobb’s weight and size. Dr. Carter warned Mrs. Cobb that she was at great risk of the screws
shifting and possibly causing greater injury. He recommended that she have additional surgery
to replace the pediatric screws with screws of the correct size. 
      Mr. and Mrs. Cobb filed suit against Drs. Carter and Pollifrone and DFWMC. DFWMC
filed a motion for summary judgment which the trial court granted and then severed from the
Cobbs’s claims against the remaining defendants. 
Deposition Excerpts
      The Cobbs claim in point four that the trial court erred in sustaining DFWMC’s objections
to their summary judgment proof. The trial court excluded deposition excerpts from Mark
Buckley and Dr. Pollifrone based on lack of authentication.
      The Texas Supreme Court has held that unfiled deposition excerpts do not require
authentication to be used as summary judgment evidence. See McConathy v. McConathy, 869
S.W.2d 341, 342 (Tex. 1994). The Supreme Court stated that “authentication is not necessary
and is not required under the present rules.” Id. Therefore, the trial court abused its discretion
by excluding the deposition excerpts in this case. We sustain point four.
Traditional Summary Judgment Standard of Review
      The standards for reviewing a summary judgment are well established. See Nixon v. Mr.
Property Mgmt. Co., 690 S.W.2d 546, 548 (Tex.1985). The movant has the burden of showing
that no genuine issue of material fact exists and that it is entitled to the summary judgment as a
matter of law. Id. at 548-49. The reviewing court must accept all evidence favorable to the
non-movant as true. Id. at 549. Every reasonable inference must be indulged in favor of the
non-movant and all doubts resolved in its favor. Id.
No-Evidence Summary Judgment Standard of Review
      A party may move for summary judgment under Rule 166a(i) on the basis that there is no
evidence of an essential element of the adverse party’s cause of action. See Tex. R. Civ. P.
166a(i). Rule 166a(i) states in pertinent part that “[t]he motion must state the elements as to which
there is no evidence.” Tex. R. Civ. P. 166a(i). Recently, this Court stated that a party is not
allowed to bring a general no-evidence motion for summary judgment. See Bomar v. Walls
Regional Hosp., 983 S.W.2d 834, 840 (Tex. App.–Waco 1998), rev’d on other grounds, 9
S.W.3d 805 (Tex. 1999). To defeat a no-evidence summary judgment motion, a party need not
“marshal its proof; its response need only point out evidence that raises a fact issue on the
challenged elements.” Tex. R. Civ. P. 166a(i) cmt. 
      We review the evidence in the light most favorable to the party against whom the no-evidence
summary judgment was rendered, disregarding all contrary evidence and inferences. See Robinson
v. Warner-Lambert, 998 S.W.2d 407, 410 (Tex. App.—Waco 1999, no pet.); Moore v. Kmart
Corp., 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).
Negligence
      In point one, the Cobbs claim that the trial court erred in granting DFWMC’s summary
judgment motion because genuine issues of material fact exist on their negligence and gross
negligence claims. In point five, the Cobbs claim that the trial court erred in granting DFWMC’s
no-evidence summary judgment motion because DFWMC did not specifically challenge the
evidentiary support of the Cobbs’s claims as required by Rule 166a(i). And in point six, the
Cobbs argue that summary judgment was improper because they brought forth more than a
scintilla of evidence on their claims of negligence and gross negligence. These points all relate
specifically to the Cobbs’s claims of negligence and gross negligence, so we address them
together. 
      The no-evidence section of DFWMC’s motion for summary judgment alleges that the Cobbs
are unable to produce any evidence on standard of care, breach of standard of care, and proximate
cause. Because DFWMC properly segregated the no-evidence portion of its motion from the
remainder of the motion and because it properly identified the elements on which it contends there
is no evidence, we overrule point five.
      In this case, the plaintiff must establish four elements to prevail on a negligence cause of
action: 1) a duty by the hospital to act according to an applicable standard of care; 2) a breach of
the applicable standard of care; 3) an injury; and 4) a causal connection between the breach of care
and the injury. See Denton Reg. Med. Ctr. v. LaCroix, 947 S.W.2d 941, 950 (Tex. App–Fort
Worth 1997, pet. dism’d by agr.).
                                              Duty and Standard of Care
      Hospitals have a duty to supply the required equipment and instrumentalities for the care of
their patients. See Tenet Health Ltd. v. Zamora, 13 S.W.3d 464, 471 (Tex. App.–Corpus Christi
2000, dism’d w.o.j.); Mills v. Angel, 995 S.W.2d 262, 267 (Tex. App.–Texarkana, 1999, no
pet.); Baptist Mem. Hosp. v. Marrable, 244 S.W.2d 567, 568 (Tex. Civ. App.–San Antonio 1951,
no writ); Medical & Surgical Mem. Hosp. v. Cauthon, 229 S.W.2d 932, 934 (Tex. Civ. App.–El
Paso, 1949, no writ).
      In a negligence case, the applicable standard of care is a threshold issue that the plaintiff must
establish before the factfinder can determine if the defendant deviated from the standard of care
to a degree that constitutes negligence. See LaCroix, 947 S.W.2d at 950; St. Paul Med. Ctr. v.
Cecil, 842 S.W.2d 808, 812 (Tex. App.–Dallas 1992, no writ). The standard of care with regard
to non-medical, administrative, ministerial, or routine care at a hospital need not be established
by expert testimony. Id. 
      Dr. Pollifrone stated in his affidavit that Dr. Carter ordered the pedicular hardware that was
to be installed in Mrs. Cobb’s back from Ron Grounds. Ron Grounds, manufacturer’s
representative for Danek, stated in his affidavit that he delivered a complete “TSRH universal set”
to DFWMC which contained screws of different sizes, including the correct size for Mrs. Cobb. 
Mark Buckley testified in his deposition as to how the complete set, including all the
accompanying screws, is handled once delivered to the hospital. He stated that the set is first
delivered to central supply. Then, it is sterilized and delivered to the operating room. He testified
that the hospital is responsible for delivering the complete sterilized set to the operating room from
sterile supply and that there was no reason for the surgeon to expect that all the parts were not
there.
      The evidence adduced by the Cobbs is sufficient to raise a fact issue underlying DFWMC’s
duty to supply Mrs. Cobb with the correct pedicular hardware for use during her surgery.
Breach
      To establish the hospital’s liability based on negligence, the plaintiff must prove that the
hospital breached the applicable standard of care. Mills, 995 S.W.2d at 268. Mark Buckley first
testified as to the standard procedure to provide the necessary appliances for a patient during
surgery. He then testified that only part of the complete TSRH set was present in the operating
room for Mrs. Cobb’s surgery. Dr. Pollifrone testified in his deposition that the pedicle screws
provided by the hospital were in fact the incorrect screws. This evidence raises a fact issue on
breach of the standard of care owed by DFWMC. 
Causation and Injury
Dr. Pollifrone testified that Mrs. Cobb will require additional surgery to replace the incorrect
pedicle screws. He states that without the additional surgery, Mrs. Cobb is in danger of severe
injury including paralysis. She is limited by the prior surgery to lifting no more than two pounds. 
This evidence is sufficient to raise a fact issue on the elements of causation and injury.
Summary Judgment
      With regard to the traditional motion for summary judgment on negligence, we find that
DFWMC failed to establish its entitlement to judgment as a matter of law. The traditional motion
for summary judgment on negligence should have been denied. 
      The no-evidence motion with regard to the Cobbs’s claims of negligence should have been
denied. The Cobbs have produced more than a scintilla of evidence underlying the duty by the
hospital to act according to an applicable standard of care, breach of the applicable standard of
care, and causation. Accordingly, points one and six are sustained with regard to the Cobbs’s
negligence claims.
Gross Negligence
      A trial court cannot grant summary judgment on a ground not expressly presented in the
summary judgment motion. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex. 1996). 
We consider only those grounds “the movant actually presented to the trial court” in the motion. 
Id.
      Aside from the negligence issues discussed above, DFWMC did not present any specific
argument on gross negligence in either its traditional or no-evidence summary judgment motions. 
Because DFWMC presented no ground for summary judgment on gross negligence and in view
of our holding on the negligence cause of action, points one and six with regard to gross
negligence are sustained.
Strict Liability, Implied Warranty, and Express Warranty
      To be held strictly liable, the law requires that one must sell a product in a defective condition
and must be engaged in the business of selling such a product. See Restatement (Second) of
Torts, § 402A (1965). The concept of strict liability generally does not apply to defective
services. See Neveaux v. Park Place Hosp., 656 S.W.2d 923, 926 (Tex. App.–Beaumont 1983,
writ. ref’d n.r.e.). Generally, hospitals are not engaged in the business of selling the products or
equipment used in the course of providing medical services. See Thomas v. St. Joseph Hosp., 618
S.W.2d 791, 796-97 (Tex. Civ. App.–Houston [1st Dist.] 1981, writ. ref’d n.r.e.). Consequently,
the products used are intimately and inseparably connected with the provision of medical services.
See Easterly v. HSP of Tex., 772 S.W.2d 211, 213 (Tex. App.–Dallas 1989, no writ.). 
      In a case of first impression, the court in Thomas held that when a hospital supplies a
defective product unrelated to the essential professional service, the hospital may be held strictly
liable. See Thomas, 618 S.W.2d at 796-97. The court in Easterly distinguished Thomas and held
that where the patient cannot provide a product used in the course of medical services, then the
product loses its separate character as a good and is part of the service. See Easterly, 772 S.W.2d
at 213. The appellants cite Ratliff v. Earle for the proposition that disposable products are
distinguishable from those permanently attached. 961 S.W.2d 591, 597 (Tex. App.–San Antonio
1997, no pet.). However, the court in Ratliff reversed the trial court on other grounds and did not
specify what effect distinguishing disposable products from permanently attached products would
have on the liability of a hospital.
      In this case, the Cobbs allege that the transpedicular hardware and screws installed in Mrs.
Cobb are defective because they are the wrong size and non-FDA approved. They argue that the
transpedicular “set” is separable from the services of DFWMC and thus DFWMC may be strictly
liable. 
      DFWMC is not in the business of independently selling “TSRH sets” to the public, nor is it
in the business of providing them outside of its primary purpose of providing medical facilities. 
Also, Mrs. Cobb could not have provided her own “set” for use during her surgery. 
Accordingly, we hold that the allegedly defective pedicular hardware and screws installed in Mrs.
Cobb’s back are inseparable from the services rendered by the hospital. Therefore, DFWMC
established its entitlement to judgment as a matter of law on the Cobbs’s strict liability claim. This
holding necessarily forecloses the Cobbs’s claims of implied and express warranties under the
DTPA as well. See Walden v. Jeffery, 907 S.W.2d 446, 448 (Tex. 1995); Easterly, 772 S.W.2d
at 214. Accordingly, we overrule points two and six with regard to strict liability in tort and
implied and express warranties, separately, or under the DTPA.
DTPA
      The Medical Liability and Insurance Improvement Act (MLIIA) specifically prohibits
negligence actions under the DTPA against medical providers. See Tex. Rev. Civ. Stat. Ann.
art. 4590i, § 12.01(a). However, the Texas Supreme Court has held that where the DTPA claim
is not based on the medical provider’s breach of the applicable standard of care, section 12.01(a)
does not preclude a suit for damages under the DTPA. See Sorokolit v. Rhodes, 889 S.W.2d 239,
242 (Tex. 1994).
      The Cobbs allege that DFWMC is liable under the DTPA for unconscionable
misrepresentations made to Mrs. Cobb with regard to the FDA-approved status of the
transpedicular hardware and the medical necessity of implanting the device. DFWMC argues that
the Cobbs produced no evidence of any misrepresentations by DFWMC with regard to Mrs.
Cobb’s surgery.
      The Cobbs presented the affidavits of Dr. Pollifrone, Mark Buckley and Ron Grounds as well
as copies of the hospital consent form and their fourth amended original petition as summary
judgment proof. However, a party may not rely on their own pleadings as competent summary
judgment proof. See Laidlaw Waste Systems v. City of Wilmer, 904 S.W.2d 656, 660-61 (Tex.
1995). Thus, we disregard the Cobbs’s fourth amended original petition as summary judgment
evidence.
      The proof presented by the Cobbs does not reveal any representations made by DFWMC with
regard to the screws and hardware installed in Mrs. Cobb’s back or with regard to the medical
necessity of the surgery. Thus, the Cobbs have failed to produce any evidence in response to
DFWMC’s no-evidence motion on their DTPA claim. Accordingly we overrule point three and
point six with regard to any remaining DTPA claims.
Conclusion
      We affirm the judgment of the trial court on the Cobbs’s strict liability, implied and express
warranties and DTPA claims. We reverse the judgment of the trial court on their negligence and
gross negligence claims and remand this cause to the trial court for further proceedings consistent
with this opinion.
 
                                                                                     REX D. DAVIS
                                                                                     Chief Justice

Before Chief Justice Davis
            Justice Vance
            (Justice Vance concurring) and
            Justice Gray
            (Justice Gray dissenting)
Affirmed in part, reversed and remanded in part
Opinion delivered and filed May 30, 2001
Publish